UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JERMAINE IVORY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:09-0841 |
| | ) | Judge Trauger |
| GLEN TURNER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

The petitioner, proceeding *pro se* and *in forma pauperis*, is an inmate in the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action seeking a declaratory judgment under 28 U.S.C. § 1651 and 42 U.S.C. § 1983. The petitioner asks the court to declare unconstitutional the exhaustion and timeliness requirements under the Antiterrorism and Effective Death Penalty Act (AEDPA).

It seems from the pleadings that this action stems, at least in part, from the petitioner's prior *habeas corpus* action in this court under 28 U.S.C. § 2254. *Ivory v. Turner*, No. 3:07-0833 (M.D. Tenn. Sept. 16, 2008)(Echols, J.). That action was dismissed as time-barred, and the Sixth Circuit Court of Appeals denied the petitioner's application for a certificate of appealability. (No. 3:07-0833, Docket Entry Nos. 21, 27, 39)

The petitioner asserts in the instant petition that § 2244 is unconstitutional because it: 1) places an unjust burden on untrained, uneducated, and mentally challenged criminal defendants; 2) conflicts with a criminal defendant's due process rights; 3) diminishes the integrity of a criminal defendant's right to legal representation; and 4) constitutes cruel and unusual punishment. (Docket Entry No. 1, pp. 7-9) After reviewing the pleadings, the court finds that the instant petition does not

constitute a second or successive petition for a writ of *habeas corpus*.

Under the Prison Litigation Reform Act (PLRA), the court is required to dismiss the instant petition if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a petitioner to amend a [petition] to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The threshold requirement in any federal civil action is a "case" or "controversy," as defined in Article III § 2of the U.S. Constitution, brought by a petitioner who has "standing" to raise the issue. To satisfy the requirement for standing under Article III § 2, the petitioner must show that: 1) he suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; 2) the injury is fairly traceable to the challenged action; and 3) it is likely as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-181 (2000)(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)).

"[T]he 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.'" *Massachusetts v. E.P.A.*, 549 U.S. 497, 517 (2007)(quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). "[T]he doctrine of standing presents an insuperable jurisdictional obstacle." *Massachusetts*, 548 U.S. at 517. In other words, if a petitioner does not have standing, the Court does not have jurisdiction under Article III § 2.

The petitioner couches his claim as to the constitutionality of § 2244 solely in the context

2

of exhaustion.  First, § 2244 does not pertain to exhaustion.  More importantly, however, the petitioner's prior *habeas corpus* action was denied and dismissed because it was untimely – not because he failed to exhaust.  Because the petitioner's *habeas* action was not dismissed due to his failure to exhaust,[1] he does not have standing to challenge the constitutionality of the AEDPA's exhaustion requirement.

The petitioner also appears to challenge the constitutionality of the AEDPA's one-year limitations period.  As previously noted, the petitioner's prior *habeas corpus* action was dismissed as untimely.  Although the petitioner has standing to challenge the AEDPA's one-year limitations period, the petition is utterly devoid of any facts that pertain to the issue of timeliness.

Although *pro se* petitions are held to less stringent standards than those prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990).  A petition such as the one before the court must contain either direct or inferential allegations respecting all the material elements to support viable legal theory.  *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  The less stringent standard for *pro se* petitioners does not compel the courts to conjure up unpled facts.  *Wells*, 891 F.2d at 594.  Because the petitioner has failed to provide any facts in support of his timeliness claim, his timeliness claim is conclusory and, as such, it is subject to dismissal.  *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

For the reasons explained herein, this action will be dismissed for failure to state a claim on

---

[1] A review of the record reveals that there is not one word about exhaustion in the Magistrate Judge's Report and Recommendation (R&R) , or the district judge's order that adopted that R&R.  (No. 3:07-0833, Docket Entry Nos. 21, 27)

3

which relief may be granted. Dismissal of this action shall constitute a "strike" under 28 U.S.C. § 1915(g).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge